# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Larry Joe Prince,**<br>Petitioner<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Respondents | CV-08-1299-PHX-SRB (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Motion for Preliminary Relief**<br>**and ORDER** |

## I. MATTER UNDER CONSIDERATION

Petitioner filed a Motion for Pro Se Legal Materials on December 22, 2008 (#22), seeking preliminary relief in the form of an order for a typewriter. Respondents' filed a Response (#23) on January 9, 2009, and Petitioner filed a Reply (#24) on January 28, 2009.

The Petitioner's Motion is now ripe for consideration, and seeks preliminary relief. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(1), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Petitioner is an inmate of the State of Arizona who is currently incarcerated in the State of New Mexico. Petitioner filed a *pro se* Petition for Writ of Habeas Corpus on July 14, 2008 (#1), challenging his Arizona conviction. On October 27, 2008, Respondents filed their Answer (#16). Petitioner sought, but was denied an extension of time to reply. The Court ordered a supplemental answer, which is past due. (Order 1/28/09, #24.)

Petitioner filed the instant motion on December 22, 2008, arguing that he suffers from a permanent injury to his right hand, which cause his pain when he writes and makes his

writing illegible, and that prison officials refuse to allow him use of a typewriter. He reports that the Arizona courts have previously ordered that he be allowed to possess and use a typewriter. Since then he was transferred to a New Mexico prison under an interstate compact, and that New Mexico officials have seized his typewriter and deny him the usage of the typewriter. He further argues that while he can obtain assistance of other inmates, doing so is a violation of prison regulations and he and the other prisoner risk disciplinary sanctions.

Respondents argue (#23) that the Court should defer to the decision of prison administrators on this issue absent violation of a constitutional right, and that Petitioner has managed to litigate thus far without a typewriter, and thus cannot sustain a claim of denial of access to the courts.

Petitioner replies (#25) that he does not seek to be provided a typewriter, nor even to possess one in his cell, but merely to be permitted access to his own typewriter. He argues that his disability has been acknowledged by the Arizona courts after their examination of him and his injured hand, and that even the New Mexico prison authorities have previously recognized his disability and permitted him possession and/or use of his typewriter.

### III. APPLICATION OF LAW TO FACTS

**Standard for Injunctive Relief** - A request for injunctive relief requires that a plaintiff make a showing of "real or immediate threat" of injury. *Hodgers-Durgin v. De La Vina,* 199 F.3d 1037, 1042 (9th Cir. 1999) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). Plaintiff is entitled to preliminary injunctive relief only if he shows either: "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *MAI Sys. Corp. v. Peak Computers, Inc.*, 991 F.2d 511, 516-517 (9th Cir. 1993) (quoting *Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990)). Under either formulation of the test, the movant must demonstrate a significant threat of irreparable injury.

1  *AGCC v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

2  Further, in unusual circumstances (as here), where the preliminary injunction relates to the inmate's access to the district court, the district court need not consider the merits of the underlying complaint in considering whether to grant a preliminary injunction. *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990).

**Preliminary Relief Different From Ultimate Relief** - The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim on the merits.  Therefore, the party seeking preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (Eighth Amendment claim cannot provide basis for preliminary injunction against alleged acts in retaliation for filing claim). Thus, Plaintiff must ordinarily seek injunctive relief related to the merits of his underlying claim.  "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit*." Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997).

However, where the preliminary relief is directed to the prisoner's access to the Courts, a nexus between the preliminary relief and the ultimate relief sought is not required. *See Dimaontiney*, 918 F.2d at 796 (acknowledging that although the case there was founded upon the same claims of denial of access, "because it affected [his] ability to litigate" it could have been brought in any of the prisoner's other pending cases).

**Proper Respondents** - Petitioner couches his motion in terms of a request for an order directed to the New Mexico prison authorities.  Respondents do not raise this issue. However, those authorities are not parties to this action, and Petitioner has not provided them any notice of his request.  Nonetheless, given the relationship between Respondent and the New Mexico prison, Respondents are not powerless to address the issues complained of by Petitioner.  In fact, documents provided by Petitioner in connection with his Motion for Extension, reflect a policy of the New Mexico authorities of requiring that all legal access

materials be supplied by the Arizona Department of Corrections.  (#20 at Exhibit 1.)

**Affected Constitutional Right** - Prisoners have no constitutional right to use a typewriter.  They do, however,  have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996). A prisoner's fundamental right of access to the courts requires only that the prisoner be given a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis*, 518 U.S. at 351.  But prisoners are not guaranteed "the wherewithal to transform themselves into litigating engines." *Id.* at 355.  Instead, prisoners must be provided with the tools required to attack their sentences or challenge the conditions of their confinement; impairment of "any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (italics omitted).  Therefore, the Ninth Circuit has held that inmates have no right to a typewriter to prepare legal documents as long as there remains some means of preparing legal documents, such as hand-writing their pleadings. *Phillips v. Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007).

Here, Petitioner is free to file hand written filings. Although the local rules appear to mandate typed filings, and make no exception to that requirement for incarcerated persons, *see* Local Civil Rule 7.1(b)(1), this Court uniformly permits incarcerated persons to file hand-written documents.

However, Petitioner argues that this option is functionally not available to him because of his hand injury and the prohibitions against him soliciting the assistance of other inmates.  Thus, Petitioner's ability to exercise his right of access depends upon whether he is indeed sufficiently disabled so as to be hindered in preparation of his briefs, and has no recourse other than a typewriter, e.g. a scrivener.

**Physical Limitations** - Petitioner is poised to file a reply to an Anwwer (#16) which is 33 pages in length and focused on the arcane intricacies of procedural default, whilst challenging a conviction with a life sentence. Petitioner argues that the required writing not only will result in significant pain, and cause delay, but that as a result he will he hampered

in his thought processes as a result.

In their response, Respondents argue that Plaintiff fails to show the hand injury, and although he has complained to New Mexico health care providers about the injury, they have no documentation of it. They offer nothing to refute Petitioner's evidence of injury or its affects on his ability to write, but simply assert ignorance. (#23 at Exh. H, Brewster Affid. at ¶ 4.) The Court finds Respondents' ignorance unconvincing, particularly in light of their access to Petitioner's physical person and records.

Petitioner has supplied the court with the following evidence of such injury: (1) orders of two Maricopa County Superior Court orders, one in 1999 and another in 2002, directing that Petitioner be provided access to a typewriter; (2) medical records including: a 1986 X-ray report showing a fracture of the "right fifth metacarpal bone," (the bone connecting the little finger to the wrist), a 1998 medical note reflecting a history of a 1993 fracture to the right middle finger, and a 2006 medical note reflecting x-rays of his hand.  Petitioner argues that as a result of the latter and a diagnosis of "post-traumatic arthritis" he was previously permitted the use of his typewriter by prison officials.  In fact, he provides copies of New Mexico prison memos permitting him use of his typewriter in his cell and then in the prison library up until recently  (#20, Exhibit 1.)  No explanation for the change has been offered by Respondents.

**Limitation on Inmate Assistance** - Neither do Respondents counter Petitioner's argument that his filings to date have been legibly only because he obtains help from other prisoners at the risk of disciplinary action.  Petitioner provides copies of the regulations imposing those restrictions. (#22 at Attachments 2 & 3.) Nonetheless, Petitioner admits that all his filings have been prepared with the assistance of another inmate. (#22 at 4-5; #25 at 7.)

**Likelihood of Harm** - Under these circumstances, Petitioner has shown the requisite likelihood of irreparable injury to his right of access to the courts. As recognized in *Diamontiney*, 918 F.2d at 796, a showing of success on the merits is not required.

**Deference to Prison Administrators** - Respondents protest that prison security

1  concerns should trump Petitioner's right of access, citing *Bell v. Wolfish*, 441 U.S. 520,
2  546–47 (1979). Indeed, the cases reflect substantial deference is due to prison
3  administrators, and that due consideration to be given to the limitations on constitutional
4  rights inherent in incarceration. "There must be a 'mutual accommodation between
5  institutional needs and objectives and the provisions of the Constitution that are of general
6  application.'" Bell, 441 U.S. at 546 (quoting *Wolff v. McDonnell*, 418 U.S. at 556).
7  However, a functional denial of a prisoner's right of access to the courts to challenge his
8  conviction as a violation of the constitution cannot be permitted without some specific
9  showing of institutional need.

10  Certainly, the Court should not presume to undertake administration of the prison.
11  Here, however, the Court need not interject itself into prison administration in novel or
12  obtrusive ways. The New Mexico prison has previously permitted Petitioner use of a
13  typewriter in his cell, and then in the prison library. The latter is certainly a common
14  approach taken in the Arizona prisons, and one which Petitioner concedes is workable.
15  Indeed, Respondents acknowledge that the Arizona Department of Corrections permits
16  disabled inmates to have access to a typewriter. (#23 at 2.) Respondents offer no suggestion
17  why such approaches would be disruptive in this case.

18  Respondents argue that even if they must permit Petitioner access to a typewriter, they
19  have no obligation to provide Petitioner a typewriter. The Court need not address that issue,
20  inasmuch as Petitioner has indicated he has a typewriter available to him.

21  Respondents and their New Mexico counterparts are free to fashion any appropriate
22  means to insure that Petitioner's right of access is provided in light of his physical
23  limitations. For example, they may specify access to be in certain locations, only under
24  observation, or under such other reasonable restrictions as they deem appropriate. They
25  could even permit Petitioner a scrivener to assist him with handwritten filings.

26  **Form of Relief** - Under the circumstances, the remedy to the situation is dictated by
27  the harm to be avoided and the deference to prison administrators, and it must be filtered
28  through the resources available to Respondents remotely. Respondents request that "the

- 6 -

Court limit him to one typewriter, limit the use of the typewriter to litigating the instant case, and set a terminating time frame on the validity of the order." (#23 at 8.)

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Motion for Pro Se Legal Materials on December 22, 2008 (#22) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Respondents be directed to take steps necessary so that: (1) during the pendency of this proceeding, (2) Petitioner is permitted access to his typewriter for reasonable periods of time, (3) for the purpose of preparing filings, including any necessary drafts, research, etc. in this case.

**IT IS ORDERED** that Petitioner shall file his reply in support of his habeas petition within twenty days of the filing of an Order on this Report & Recommendation.

### V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: February 27, 2009

_____
JAY R. IRWIN
United States Magistrate Judge