**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Joe Prince, | No. CV08-1299-PHX-SRB |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

    Petitioner filed a typewritten Petition for Writ of Habeas Corpus on July 14, 2008, while incarcerated in New Mexico pursuant to an interstate compact agreement with the Arizona Department of Corrections. He was housed at a New Mexico Corrections Department Correctional Facility in Santa Rosa, New Mexico. In August 2008, Petitioner filed a typewritten motion for appointment of counsel while incarcerated at the same facility in Santa Rosa, New Mexico. In September 2008, Petitioner filed a typewritten response to motion for extension of time to file answer to petition for writ of habeas corpus from the same facility in Santa Rosa, New Mexico. On October 29, 2008, Petitioner filed a typewritten response to Defendants' second motion for extension of time to file answer to petition for writ of habeas corpus from the same facility in Santa Rosa, New Mexico.

    Sometime after Petitioner filed a typewritten notice of change of address from the Santa Rosa, New Mexico facility, he was transferred within the New Mexico corrections

system to a location in Hobbs, New Mexico. Since that time his filings are no longer typewritten but are handwritten, including his December 22, 2008 Motion for Pro Se Legal Materials (Typewriter). In that motion, Petitioner advises the Court that his personal typewriter, which he had been permitted to use for years, had been taken away from him. He requested that it be returned or that he be permitted to use it in the prison law library. He attached to his motion court orders, dating back to 1999, from state court judges in Arizona ordering first the Arizona Department of Corrections and then the Maricopa County Sheriff's Office to allow the Petitioner to possess and use his own personal typewriter and typewriting supplies. He claimed these court orders were issued as a result of a disability he suffers due to hand injuries he sustained many years earlier.

Respondents oppose the present motion based on arguments related to security. They concede that individuals with qualifying disabilities are allowed to use a personal typewriter pursuant to court order. Respondents also argue that despite a nearly ten year old court order authorizing Petitioner's use of a personal typewriter Petitioner had shown no legitimate basis for the court to order that he be allowed the use of his typewriter, question the permanent right-hand injury Petitioner claims and suggest that because Respondents' counsel has no difficulty reading his handwriting the Court should deny the motion. Petitioner filed a reply in opposition and attached some records documenting his hand injuries from 1986 and 1998 as well as evidence that up until late 2008 he had been allowed the use of his personal typewriter in the law library while in prison in New Mexico.

On March 2, 2009, the Magistrate Judge issued his Report and Recommendation recommending that Respondents be directed to take steps necessary so that during the pendency of these habeas proceedings Petitioner be permitted access to his typewriter for reasonable periods of time for the purpose of preparing filings in this case. Respondents filed an objection to the Magistrate Judge's Report and Recommendation again arguing that Petitioner has failed to provide proof of his hand injury and suggesting that the New Mexico Correctional Health Care Providers have no documentation of it. Respondents even attached an affidavit from the New Mexico Corrections Department General Counsel wherein he

1 admitted that the New Mexico Corrections Department had previously allowed Petitioner 2 access to his own personal typewriter until they learned that Petitioner's access was based 3 on old state court orders directed to the Maricopa County jail and the Arizona Department 4 of Corrections and were not based on any New Mexico court order.  The general counsel 5 states that he determined that those orders were not binding and not an appropriate basis for 6 allowing Petitioner continued access to his personal typewriter. He avows that he personally 7 instructed Petitioner's current prison not to allow access to the typewriter for these reasons 8 and for prison safety and security concerns.  He further states, "NMCD has no evaluation 9 from any physician or medical services provider indicating that Petitioner's hand injury 10 prevents him from handwriting his legal pleadings."

11 Petitioner responded to these objections and attached thereto copies of his medical 12 records from the New Mexico Department of Corrections from his arrival there in 2006. 13 From the Court's review of those records it appears that when Petitioner was first sent to 14 New Mexico by Arizona an evaluation of his hand injury was initiated by the New Mexico 15 authorities to determine whether he needed to have access to his personal typewriter as had 16 been previously ordered in Arizona. This evaluation was apparently prompted by several 17 letters that were sent on Petitioner's behalf by attorneys for the Justice Project.  In August 18 2006, Dr. Donna Deming, a physician with the New Mexico Department of Corrections, took 19 a history from Petitioner concerning his problems with writing legibly and the pain that he 20 experiences when he has to write documents.  His history included various right-hand 21 injuries Petitioner had suffered over the years. Her diagnosis was, "Probable post-traumatic 22 arthritis right hand."  She ordered an x-ray of both the right and left hand.  The x-ray report 23 dated August 25, 2006, which was reviewed by Dr. Deming on August 29, 2006, found 24 several deformities in Petitioner's right hand related to previous injuries.  Dr. Deming 25 apparently reported her findings to the appropriate authorities and shortly after that, on or 26 about September 25, 2006, Petitioner's typewriter was returned to him and he was allowed 27 to use it for more than two years.

28

1  After review of the filings listed above and the Report and Recommendation of the
2  Magistrate Judge, the Court finds itself in agreement with the Report and Recommendation
3  of the Magistrate Judge.  The Respondents' objections are overruled.  The Report and
4  Recommendation of the Magistrate Judge is adopted as the order of this Court. The Court
5  finds it disingenuous for the General Counsel of the New Mexico Department of Corrections
6  to state that the New Mexico Corrections Department had no evaluation from any physician
7  or medial services provider indicating that Petitioner's hand injury prevents him from hand
8  writing his legal pleadings.  This appears to be the very issue that was addressed in 2006 that
9  resulted in his typewriter being given to him by the New Mexico Corrections Department.
10 Morever, Petitioner has had court orders granting him his typewriter for 10 years based on
11 his hand injury. The medical records provided by Petitioner fully support Petitioner's
12 consistent claim that his hand injury prevents him from hand writing his legal.
13  IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge
14 as the order of this Court.  (Doc. 28).
15  IT IS FURTHER ORDERED granting Motion for Pro Se Legal Materials.  (Doc. 22).
16  IT IS FURTHER ORDERED that Respondents are directed to take steps necessary
17 so that during the pendency of this proceeding Petitioner is permitted access to his typewriter
18 for reasonable periods of time for preparing legal documents for filing with this Court.

DATED this 22nd day of May, 2009.

_____
Susan R. Bolton
United States District Judge

- 4 -