**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Joe Prince, | No. CV08-1299-PHX-SRB |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Larry Joe Prince was convicted of the First Degree Murder of Rob Richards in April 1986.  Rob Richards was murdered on October 12, 1984.  Petitioner was initially sentenced to death. In 1989 the Arizona Supreme Court affirmed his conviction but reduced his sentence to life in prison. *See State v. Prince*, 160 Ariz. 268, 772 P.2d 1121 (1989). The Supreme Court remanded sentencing to the trial court for the limited determination of whether the life sentence should be ordered to be served consecutively or concurrently with Prince's sentence on a drug conviction. On August 22, 1989 Prince was sentenced to life in prison without the possibility of parole for 25 years concurrent with his sentence for his drug conviction. After pursuing four state court Petitions for Post-Conviction Relief, Petitioner commenced the current case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 14, 2008.

In his Petition Prince asserts three grounds for relief.  First, Prince claims violations

of due process under *Brady v. Maryland*, 373 U.S. 83 (1963) because the prosecutor failed to disclose certain police reports, the interview of Ronald Flood, and a presentence report and declaration of Kevin Cobey. Second, Prince claims that his rights to due process were violated because a juror lied about a relationship with a witness, another juror was excused from participating in jury deliberations, and the trial transcripts of that excusal were altered to hide the matter from him. Third, Prince claims ineffective assistance of counsel as the result of an alleged failure to adequately challenge inconsistent testimony of witness Kevin Cobey. After full briefing and several supplements to the record the Magistrate Judge issued his Report and Recommendation on April 12, 2011 concluding that Petitioner failed to show a constitutional violation under *Brady,* that Petitioner had failed to exhaust his federal claims of juror misconduct and is now barred from doing so and had failed to show cause and prejudice or actual innocence to avoid the effect of his default, and that Petitioner failed to show ineffective assistance of counsel. The Magistrate Judge also recommended that a certificate of appealability be denied.

Briefing on the habeas petition was not complete for almost two years. The docket is replete with numerous motions for extensions of time to file documents requested by Prince and collateral litigation over issues related to allowing Prince to use a typewriter and for discovery. A review of the docket reflects that the Magistrate Judge's experience prior to the issuance of the Report and Recommendation was similar to this Court's experience subsequent to the issuance of the Report and Recommendation reflecting that Prince appeared to wish to litigate everything except his underlying petition. While the Government promptly filed its answer to the petition on October 27, 2008, Prince's Reply to Respondents' answer was not filed until March 2, 2010 and only after he was warned that further extensions would not likely be granted (Doc. 54).

After the Magistrate Judge issued his Report and Recommendation on April 12, 2011, Petitioner requested and received numerous extensions on his original 14 day deadline to file objections. On January 12, 2011, the Court granted Prince a final 90 days and specifically advised that if no objections were filed by April 12, 2012 the Court would rule on the habeas

1   petition.  While Prince has filed numerous documents with the Court since January 12, 2012
2   none of them are an objection to the Report and Recommendation.  As has been his pattern
3   since filing his habeas petition Prince appears to prefer to litigate collateral matters rather
4   than focus on the merits of his claims raised in his Petition for Writ of Habeas Corpus.

5          The Court finds itself in agreement with the Report and Recommendation of the
6   Magistrate Judge and will adopt the Report and Recommendation of the Magistrate Judge
7   as the Order of this Court and deny Prince's Petition for Writ of Habeas Corpus.  The Court
8   finds that Prince has failed to show a constitutional violation of his right to exculpatory
9   evidence guaranteed by *Brady v. Maryland*, that Prince has procedurally defaulted his claims
10  relating to juror misconduct and showed no cause or prejudice to excuse the default, and that
11  Prince has failed to demonstrate ineffective assistance of counsel.

12         The facts and procedural history of this case are exhaustively outlined in the Report
13  and Recommendation of the Magistrate Judge.  After an extensive summary of all of the trial
14  testimony, the verdict, sentencing, appeals and remand, the Report and Recommendation
15  outlines each of the four Petitions for Post-Conviction Relief, the claims made and the rulings
16  by  the  state  trial  court  and  appellate  courts  on  those  petitions.  The  Report  and
17  Recommendation also summarizes the evidence at the evidentiary hearings held to address
18  certain of Prince's claims in his first and third state petitions.

19         Prince's first claim before this Court is a claim that his due process rights under *Brady*
20  *v. Maryland* were violated because the prosecutor failed to disclose five specific items listed
21  by the Magistrate Judge on page 74 of his Report and Recommendation (Doc. 75).  Prince
22  also asserts that his due process rights under *Brady v. Maryland* were violated because the
23  state court only considered these five items of evidence on an item-by-item basis rather than
24  cumulatively.

25         The  first  item  not  disclosed   was an August 19, 1985 Phoenix  Police  Report
26  identifying witness Dave Brown and connecting another witness Kevin Cobey with a "drug
27  rip-off."  Witness Dave Brown testified at the evidentiary held on Prince's Third Petition for
28  Post-Conviction Relief.  After hearing the evidence, the state court only addressed this police

1  report as an item of newly-discovered evidence and did not resolve the *Brady* claim.  The

2  Magistrate Judge therefore addressed this claim *de novo* and correctly determined that the

3  undisclosed police report was not favorable and therefore not exculpatory. Only Brown's

4  testimony provided at the evidentiary hearing on the Third Petition for Post-Conviction

5  Relief contained any potentially exculpatory evidence but there is no claim that this evidence

6  was known to the prosecutor or any member of the prosecution team. The 1985 police report

7  did not contain exculpatory evidence.  Consequently there was no *Brady* violation in its lack

8  of disclosure. The Court adopts the Magistrate Judge's analysis and conclusion with respect

9  to the Dave Brown police report.

10       The second item not disclosed was a report concerning witness James Tabola.  Prince

11  argued that the information in this report could have provided him with evidence to impeach

12  Tabola by demonstrating Tabola's perjury about Tabola's own drug dealing and favorable

13  treatment Tabola received for his testimony against Prince.  The state court found that there

14  was no likelihood or reasonable probability that had the Tabola report been disclosed the

15  result of the trial would have been different.  As the Magistrate Judge noted, the state court

16  applied the proper standard under *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).  At pages 83-

17  90, the Magistrate Judge analyzes Tabola's testimony at trial in relation to the information

18  contained in the police report and correctly concluded that there was no *Brady* violation in

19  the failure to disclose this report as it did not provide impeachment evidence.  Tabola did not

20  deny his drug dealing in direct examination but readily admitted it.  There is no evidence that

21  his statements were made as a result of favorable treatment nor did the contents of the report

22  have any effect on the issuance or validity of the search warrant obtained on the basis of

23  Tabola's statements.

24       The third item concerns a police interview of alleged exculpatory witness Ronald

25  Flood. The affidavit provided by Flood to Prince in support of his Fourth Petition for Post-

26  Conviction Relief was dated August 29, 2003 and purported to represent Flood's interaction

27  with the victim in September or October 1984 and certain of Flood's observations  at a bar

28  in the summer of 1985.  Flood claims that he was thereafter contacted by Detective Butler

who showed him pictures.  Apparently no police report was ever made of this alleged contact by Detective Butler with Flood.  When Flood's affidavit was considered by the state court it determined that the story Flood presented in his affidavit made no sense and concluded that there was no reasonable likelihood Flood's testimony would have made a difference at trial. The Magistrate Judge disagreed with the state court decision and found that, if true, Flood's information would have been favorable to Prince but correctly concluded that there was no reasonable likelihood it would have made a difference at trial.

The fourth item is the Cobey May 1986 presentence report.  The state court found its lack of disclosure not to be a *Brady* violation for two reasons, one of which the Magistrate Judge rejected but one of which is undoubtably true. The May 1986 presentence report did not exist at the time of Prince's trial. The Magistrate Judge correctly concluded that Prince is not entitled to habeas relief for the prosecution's failure to disclose a presentence report published after Prince's trial and sentencing. Similarly the fifth item, a written declaration by Cobey referenced  in the presentence report was not known to the prosecution until after the trial.  Its impact, if any, could only have been felt on the various decisions in the intervening appeal and post-conviction relief  proceedings and only to the extent it might have altered the state court's finding that there was no likelihood of a different outcome at trial.

The Magistrate Judge also analyzed the cumulative effect of the three potentially exculpatory items; the Tabola police report, Flood's affidavit and Cobey's declaration.The Magistrate Judge concluded, and this Court agrees, that these three items considered cumulatively do not show a reasonable possibility that had these items been disclosed the outcome of the proceedings would have been different even when considered with other new evidence impacted by the untimely disclosures. The Court agrees that Prince's claim for habeas relief based on *Brady* violations is without merit and should be denied.

In ground two, Prince argued juror misconduct based on one juror's failure to disclose a relationship with witness Hatch and juror misconduct in precluding another juror's participation in deliberations.  With respect to a juror's alleged relationship to witness Hatch, the Magistrate Judge concluded that this claim was not fairly presented to either the Arizona

1    Court of Appeals or the Arizona Supreme Court as a federal claim.

2         This claim of juror misconduct was first raised in Prince's Second Petition for Post-
3    Conviction Relief.  Prince claimed in the trial court that misconduct by this juror denied him
4    his right to an impartial jury in violation of the Sixth and Fourteenth Amendments to the
5    United States Constitution.  The claim was rejected by the trial court because the claim could
6    have been but was not raised on direct appeal and was thus precluded from further review.
7    The trial court also found that Prince knew of this matter when he filed his First Petition for
8    Post-Conviction Relief and waived it by failing to present it in his first petition.  The trial
9    court also rejected the claim on the merits .

10        The Court agrees with the Magistrate Judge that while this claim was originally
11   presented in the Second Petition for Post-Conviction Relief as a federal claim, Prince's brief
12   on Petition for Review to the Arizona Court of Appeals did not alert the Arizona Court of
13   Appeals that the claim being presented was a federal one nor did his Petition for Review to
14   the Arizona Supreme Court subsequent to the Court of Appeals' denial of review include any
15   reference to this claim of juror misconduct. The Court agrees with the Magistrate Judge that
16   this claim was not properly exhausted.

17        The other claim of juror misconduct concerns the juror who was precluded from
18   participating in deliberations and the alleged alteration of the trial transcript concerning the
19   juror's excusal.  The issue was raised on direct appeal but not as a federal claim nor was its
20   presentation in a motion to recall the mandate filed years later a fair presentation of this claim
21   as a federal claim.  This claim of juror misconduct is not cognizable on federal habeas review
22   because it was not properly exhausted.

23        The Court also agrees with the Magistrate Judge that Prince has failed to show cause
24   and prejudice sufficient to excuse the default or actual innocence.  Prince has not asserted
25   any cause to excuse his failure to exhaust his second claim and there is no new reliable
26   evidence demonstrating actual innocence.  The Court agrees with the Magistrate Judge that
27   this is not an extraordinary case where a constitutional violation has probably resulted in the
28   conviction of one who is actually innocent.

Prince's third claim is one of ineffective assistance of counsel based on trial counsel's alleged failure to adequately challenge inconsistent testimony by witness Cobey by using Cobey's testimony from Prince's earlier drug trial. The state court found counsel's performance deficient but the rejected the claim based upon Prince's failure to establish prejudice. Claims of ineffective assistance of counsel require a showing of both a deficient performance and prejudice.  Prejudice means that there is a reasonable probability that for but counsel's errors the result of the proceeding would have been different.  *Strickland v. Washington,* 466 U.S. 668, 687- 88 (1984).  In reviewing the transcript of Cobey's testimony at Prince's drug trial, it is clear that if counsel had had that transcript he could have affirmatively showed that Cobey lied when he denied being a cocaine dealer at Prince's murder trial.  The Magistrate Judge concluded, and this Court agrees, that any impeachment beyond that statement is uncertain.  Because the impeachment would have been thus limited, the Court agrees with the Magistrate Judge that there is no reasonable likelihood  that the outcome of the trial would have been different had Prince's trial counsel made use of the drug trial testimony of Cobey to impeach his trial testimony in Prince's first degree murder trial. Petitioner's ground three is without merit and must be denied.

IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

IT IS FURTHER ORDERED that Petitioner's second claim for habeas relief alleging juror misconduct is dismissed with prejudice.

IT IS FURTHER ORDERED that Petitioner's grounds one and three are denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 7 -

1    IT IS FURTHER ORDERED that a certificate of appealability be denied.  The Court

2    finds that with respect to ground two  jurists of reason would not find it debatable whether

3    this Court was correct in its procedural ruling and with respect to grounds one and three

4    Petitioner's constitutional claims are plainly without merit.

5

6    DATED this 26th day of April, 2012.

7

8

9    _____

10                           Susan R. Bolton
                        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28